This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39346**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**MANUEL TRUJILLO,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals an order denying a pretrial motion to suppress evidence on the basis of an illegal stop. [DS 5-6] This Court issued a notice of proposed summary disposition proposing to reverse based upon the absence of any reasonable suspicion of criminal activity. [CN 4] The State has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we are unpersuaded and reverse.

**{2}**     As described in our notice, this case began with an anonymous call reporting that a man who had a gun in his waistband was "flipping people off." [CN 2] The anonymous caller also described the man's appearance, location, and direction of travel. [Id.] The police officer responding to that call testified at the suppression hearing that, while stopped at a traffic signal, he saw Defendant walking along the street where the caller said he would be, he watched Defendant make a left turn along an intersecting street, and he eventually drove to a spot in front of Defendant and got out of his car. [MIO 3-4] Defendant continued walking toward the officer, who then "advised [Defendant] that [Defendant] needed to stop and put his hands above his head." [MIO 4] A video later introduced at trial apparently shows that Defendant "altered his path slightly to walk more directly at" the officer. [MIO 5 n.2] In any event, Defendant did raise his hands, and the district court's suppression order found that Defendant was stopped for constitutional purposes at that point in the encounter. [RP 154] We agree. *See State v. Harbison*, 2007-NMSC-016, ¶ 14, 141 N.M. 392, 156 P.3d 30 (holding that a stop occurs upon submission to a show of authority).

**{3}**     At the hearing, the State argued that the above-described facts "implicated what could possibly be disorderly conduct" or something described as "negligently carrying of a firearm." [MIO 7] On appeal, the State suggests that, although the officer did not observe, much less articulate, any behavior resembling disorderly conduct, an anonymous report that Defendant was "flipping people off" suggests a possibility that Defendant had violated NMSA 1978, Section 30-3A-2 (1997) (defining as a misdemeanor "conduct that is intended to annoy, seriously alarm or terrorize another person" resulting in substantial emotional distress), or NMSA 1978, Section 30-20-1(A) (1967) (defining the petty misdemeanor of "disorderly conduct" as "violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct which tends to disturb the peace"). [MIO 12-13] In the absence of any observations that would corroborate the anonymous report of "flipping people off," much less suggest that such behavior rose to the level of a criminal violation, we are not persuaded that these facts amount to a reasonable suspicion that criminal activity was afoot.

**{4}**     Similarly, the State now points to NMSA 1978, Section 30-7-4 (1993), which criminalizes "endangering the safety of another by handling or using a firearm or other deadly weapon in a negligent manner[.]" Although the officer was aware of an anonymous report that Defendant had a gun in his waistband, the State does not point to any articulable facts that would lead a reasonable person to think Defendant had handled or used a firearm in any way, much less in a negligent way that endangered anyone's safety. *See State v. Morales*, 2005-NMCA-027, ¶ 19, 137 N.M. 73, 107 P.3d 513 (noting that, without additional predictive or corroborating information, an anonymous report "that a person is carrying a firearm is not in itself sufficient to justify a police officer's stop and frisk of that person").

**{5}**     The State also suggests that, when he was walking away from the officer, Defendant may have been engaged in flight that demonstrates consciousness of guilt. [MIO 13-14] Alternatively, when Defendant was walking toward the officer, he may have "heightened the need for police to be able to stop [Defendant] to investigate whether he

posed an ongoing threat of unlawful harm." [MIO 15] Ultimately, the State is asserting, correctly, that reasonable suspicion of criminal activity "does not require that an officer exclude all possible innocent explanations of the facts and circumstances." [MIO 11] Reasonable suspicion of criminal activity does require, however, some basis, in the form of articulable facts, to believe that "a particular individual, the one detained, is breaking, or has broken, the law." *State v. Yazzie*, 2016-NMSC-026, ¶ 20, 376 P.3d 858 (internal quotation marks and citation omitted). We are not persuaded that the facts available to the officer at the time he stopped Defendant reasonably justified such a belief.

**{6}** Thus, for the reasons stated here and in our notice of proposed summary disposition, we vacate the judgment entered below and reverse the district court's order denying Defendant's motion to suppress evidence.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**